SIDNEY HOWARD GIPSON *v.* STATE OF
ARKANSAS

CR 73-127                              501 S.W. 2d 786

Opinion delivered December 10, 1973

*Robert A. Newcomb,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,*
Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Sidney Howard
Gipson was convicted by a jury of being an accessory to
felony murder. At his trial he was represented by employed
counsel, the Honorable Bon McCourtney. No appeal was
taken from that conviction. Pursuant to Criminal Pro-
cedure Rule No. 1, appellant filed a petition for post-
conviction relief citing eight different reasons why
he should be granted relief—among those reasons were
that his attorney was inadequate and that he wanted to
appeal his case but his attorney would not take the appeal
because appellant did not have $2,700.

Upon appellant's allegation that he was a pauper,
the trial court appointed the Honorable Sam Highsmith
to represent him in the post conviction proceeding. There-
after, the allegations of inadequacy of counsel and the
failure of counsel to take an appeal were struck from the
petition upon motion of appellant, and he was granted
time to file an amended petition. The petition was then
amended to allege only that the State suppressed evidence
favorable to appellant. By stipulation and with the know-
ledge and approval of appellant that was the only issue
before the court at the post-conviction hearing. To re-
verse the trial court's denial of post-conviction relief, ap-
pellant, now appearing by different counsel, contends:

"I. Appellant was denied effective assistance of counsel 'in presenting his Motion to Vacate Sentence Under Criminal Procedure Rule No. I as provided by the Sixth and Fourteenth Amendments to the United States Constitution.

II. Appellant did not make an intelligent waiver of the points raised in his *pro se* petition for post-conviction relief."

Since the contentions now made were not at issue in the trial court, the record obviously does not show any facts from which one could arrive at any conclusions. We have a long standing rule that we will not consider on appeal an issue not first raised in the trial court. For that reason we hold that the contentions now made are without merit.

Affirmed.